IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| KAMARI LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 2008-48 |
| vs. ) | |
| ) | |
| MAZDA MOTOR OF AMERICA, INC. ) | |
| d/b/a MAZDA NORTH AMERICAN ) | |
| OPERATIONS and FORD MOTOR COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

MEMORANDUM AND ORDER

Before the Court is plaintiff's motion pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for an extension of time to serve the defendants.

PROCEDURAL HISTORY

Plaintiff filed his complaint on April 2, 2008. The Court's docket reflects that no summonses were submitted with the complaint. On August 31, 2009, this Court ordered plaintiff to show cause why the action should not be dismissed for lack of timely service. In response, on September 8, 2009, plaintiff's counsel submitted his own affidavit affirming that he served the Presidents and Chief Executive Officers of Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("Mazda") and Ford Motor Company ("Ford") by certified mail. To evidence such service, plaintiff submitted copies of four United States Postal Service return receipts, two of which are addressed to Alan R. Mulally, President and CEO, Ford Motor Company, and two of which are addressed to Jim Sullivan, President and CEO, Mazda. Of the two addressed to Ford's President and CEO, one is stamped in the signature space "Pitney Bowes Management Service," with an undecipherable receipt date in 2009. The two return receipts addressed to Mazda are signed by Diane Sneed, both with

undecipherable receipt dates in 2009.

On September 7, 2010, this matter came before the undersigned for a status conference. At that conference, the Court brought to counsel's attention that it appears from the Court's docket that summonses were never issued to the defendants. By order of even date, the Court gave plaintiff until September 17, 2010 to submit proof that summonses were issued to the defendants by submitting copies to the Court, and to provide proof that service was made on the defendants with 120 days of April 2, 2008, the date the complaint was filed.

On September 17, 2010, plaintiff filed the instant motion for extension of time to serve the defendants, stating: "A check with the Clerk of the District Court reveals that it did not issue a signed Summons to the plaintiff." In plaintiff's memorandum in support of the motion, plaintiff states: "Counsel filed a Complaint, Summons, and Civil Cover page. The Court has no evidence that the Clerk of the Court signed the Summons." The Court notes that the docket depicts the filing of a complaint and a civil cover sheet, but no summonses.

DISCUSSION

Rule 4(m) in pertinent part provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . . .

Fed. R. Civ. P. 4(m).

The Third Circuit has interpreted Rule 4(m) to "require a court to extend the time [to serve

a defendant] if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." *MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F. 3d 1086, 1098 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d. Cir. 1995)). "[C]ourts have considered three factors in determining the existence of good cause: (1) reasonableness of plaintiff's efforts to serve[,](2) prejudice to the defendant by lack of timely service[,] and (3) whether plaintiff moved for an enlargement of time to serve." 71 F. 3d at 1097 (referencing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988). Further, "good cause" requires a "demonstration of good faith . . . and some reasonable basis for noncompliance with the time specified in the rules." 71 F. 3d at 1097. The Third Circuit further noted that "the absence of prejudice [to the defendant] alone can never constitute good cause . . . . While the prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id*.

Rule 4(m) thus requires a plaintiff to demonstrate good faith efforts to serve a defendant, and some reasonable basis for the failure not to have done so, in order to be granted the additional time for service beyond 120 days. In support of his motion, plaintiff states the he served defendants in accordance with Rule 4(h)[1] of the Federal Rules of Civil Procedure, that the "documents" were sent

---

[1] Rule 4(h) states:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

    (1) in a judicial district of the United States:
    (A) in the manner prescribed by Rule 4(e)(i) for serving an individual; or
    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

to Mazda's headquarters in Irvine, California and to Ford's headquarters in Michigan, and that signed return receipts were returned to counsel's law office.

Plaintiff's attempted service is insufficient in two respects. First, plaintiff served the complaints without summonses and second, plaintiff did not attempt to effectuate service until sometime in 2009. With respect to the lack of issuance of summonses, plaintiff contends that he submitted them with the complaint and that "[t]he Court has no evidence that the Clerk of Court signed the Summons." Plaintiff seems to suggest that the failing here was exclusively with the court. This is not the case. The Clerk of Court cannot issue signed summonses unless he received summonses from counsel. If counsel had submitted summonses to the Clerk of Court, he should have be able to submit proof of such to the Court. It was plaintiff's responsibility to ensure that he submitted summonses with the complaint, that he received executed summonses from the Clerk, and that he served the defendants with a copy of the complaint and a summons. Moreover, prudence suggests he should have kept in the case file a copy of all documents issued or received.

---

      process and- if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant; or

      (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Rule 4(h) does not provide for service by certified mail on a corporate officer; it provides for personal service on corporate officers. The Court presumes that counsel attempted service pursuant to Rule 4(h)(1)(A), which provides for service on a corporation, partnership, or association in the manner prescribed by Rule 4(e)(1) for serving an individual. Rule 4(e)(1) provides for service on an individual pursuant to state law. In the Virgin Islands, a corporation doing business in the Virgin Islands, which is not a citizen or domiciliary of the Virgin Islands, is considered a person for the purpose of service and may be served by certified mail. See 5 V.I.C. § 4901, *et seq*.

Furthermore, with regard to the timeliness of service on the defendants, the return receipts show that plaintiff did not attempt service until sometime in 2009, at least nine months after the complaint was filed. Plaintiff has offered no explanation why service was not attempted within the 120 days provided for under Rule 4(m), but now moves for an extension of time to effectuate service.

In applying the factors to consider in determining good cause, the Court finds that plaintiff only attempted service on each defendant once, without a summons, and at least nine months after the complaint was filed. Second, the issue of timely service was first brought to plaintiff's attention by way of a show cause order entered on August 31, 2009. At that time, plaintiff failed to realize that service on the defendants was defective. On September 7, 2010, the Court specifically queried counsel about what appeared to be the lack of issuance of summonses, and ordered him to produce proof of the issuance of the summonses by September 17, 2010. It was only after the Court's second inquiry, more than two years after the complaint was filed, that plaintiff moved for an extension of time to effectuate service on the defendants.

The Court notes that in ruling on this motion, its primary focus should be on plaintiff's reasons for not complying with the time limits of Rule 4(m). *MCI Telecomms. Corp.*, *supra*. Even if there were no prejudice to the defendants, the Court finds that plaintiff has not demonstrated any good faith efforts to serve the defendants, or a reasonable basis for his failure to do so. As such, plaintiff has not established good cause for his failure to timely serve the defendants. For the foregoing reasons, it is hereby

      **ORDERED** that plaintiff's motion is DENIED.

**DATED**: September 27, 2010        S\_____
                                                      **RUTH MILLER**
                                                      United States Magistrate Judge