DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| KAMARI LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2009-99 |
| ) | |
| JOHN'S AUTO CENTER, INC., MAZDA ) | |
| MOTOR OF AMERICA, INC. D/B/A MAZDA ) | |
| NORTH AMERICA OPERATIONS, and FORD ) | |
| MOTOR COMPANY ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ATTORNEYS:

**Joseph Caines, Esq.**
St. Thomas, U.S.V.I.
    *For Kamari Lewis.*

**Bruce P. Bennett, Esq.**
St. Croix, U.S.V.I.
    *For Ford Motor Company and Mazda Motor of America, Inc.*

## MEMORANDUM OPINION AND ORDER

**GÓMEZ, C.J.**

Before the Court is the motion by Kamari Lewis ("Lewis") to remand this matter to the Superior Court of the Virgin Islands.

### I. FACTUAL AND PROCEDURAL HISTORY

Kamari Lewis ("Lewis") and John's Auto Center, Inc. ("John's Auto") are citizens of the Virgin Islands. Neither Mazda Motor of American d/b/a Mazda North America Operations ("Mazda") nor Ford Motor Company ("Ford") is a citizen of the Virgin Islands.

*Lewis v. John's Auto Center, Inc., et al.*
Civil No. 2009-99
Memorandum Opinion & Order
Page 2

In or around 1995, Ford designed and manufactured a pick-up truck bearing the model number "Mazda B3000." Mazda in turn distributed this vehicle to John's Auto.

On May 2, 1995, Lewis's mother, Voncelle Anthony ("Anthony"), purchased a Mazda B3000 from John's Auto, bearing vehicle identification number 4F4CR16USTM33777.

On May 21, 1997, Anthony was driving the Mazda B3000. Lewis was a passenger in the vehicle. Anthony was seven months pregnant and Lewis was nine years old. The Mazda B3000 collided with a car driven by Richard Abbott ("Abbott"). Abbott was driving a car he had rented from the Conrad Sutton Car Rental. Lewis alleges that at the time of the accident he was wearing his seatbelt. He claims that the seatbelt failed, and that as a result he struck his head, suffering injuries.

On May 17, 1999, Lewis and Anthony filed a complaint against John's Auto, Conrad Sutton, and the Conrad Sutton Car Rental, in the Superior Court of the Virgin Islands ("Superior Court"), Civil No. 291/1999 (the "1999 Superior Court Complaint"). The 1999 Superior Court Complaint asserts five bases for relief against John's Auto: failure to inspect the vehicle; breach of the implied warranty of merchantability; violation of express warranties of merchantability; strict product liability; and negligent infliction of emotional

*Lewis v. John's Auto Center, Inc., et al.*
Civil No. 2009-99
Memorandum Opinion & Order
Page 3

distress arising from Anthony witnessing the injuries to her son and unborn child.

Also on May 17, 1999, Lewis and Anthony filed a complaint against Mazda in this Court, Civil No. 1999-78 (the "1999 Federal Complaint"). On March 30, 2006, Lewis, who was by then twenty-one, the age of majority, voluntarily dismissed Mazda from the 1999 Federal Complaint.

On December 21, 2007, Lewis and Anthony filed a "Stipulation of Dismissal with Prejudice" in the 1999 Superior Court case. The Stipulation provides, "The parties in the above-captioned action, by and through their undersigned counsels, hereby stipulate and agree that this action be **DISMISSED WITH PREJUDICE**, as settled." Def.'s Ex. A, ECF No. 24-1. The document's caption listed both Lewis and Anthony as plaintiffs, and John's Auto as the defendant. The document was signed by Joseph Caines, counsel for Lewis and Anthony, Leonard Bernard Francis, Jr., counsel for John's Auto, and Superior Court Judge Michael Dunston on January 7, 2008.

On July 8, 2009, Lewis sued John's Auto, Ford, and Mazda in the Superior Court, Case No. ST-09-Civ-166 (the "2009 Complaint"). The 2009 Complaint stems from the same May 21, 1997 accident at issue in the 1999 Superior Court Complaint. Lewis asserts four bases for relief against John's Auto, Ford, and

Mazda: failure to inspect the vehicle, failure to warn, breach of the implied warranty of merchantability, strict liability for a product defect, and negligent infliction of emotional distress arising from his physical injuries and from witnessing his mother's injuries.

Lewis also asserted nine additional bases of relief against Mazda and Ford: design defect, manufacturing defect, marketing defects, intentional infliction of emotional distress, violation of the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("Magnusson-Moss Act"), violation of the Uniform Commercial Code, unfair business practice, false advertisement, and violation of the Uniform Deceptive Trade Practices Act.

John's Auto answered Lewis's 2009 complaint, asserting several affirmative defenses, including: (1) that Lewis had previously voluntarily dismissed this matter or had failed to timely present this matter in the 1999 case; (2) that Lewis was "estopped" from bringing this action because of the dismissal of the 1999 case; and (3) that the 2009 complaint is based on the same conduct as the 1999 complaint. Def.'s Ex. B, ECF No. 24-2.

On July 10, 2009, Defendants Ford and Mazda filed a notice of removal. Ford and Mazda asserted that removal was appropriate because the complaint raises a federal question--namely, a

violation of the Magnusson-Moss Act--and because there is diversity of citizenship between the parties.

Lewis now moves to remand this action back to the Superior Court, asserting that there is not complete diversity of the parties.

## II. Discussion

Defendants may remove any civil action brought in a State or Territorial court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Ordinarily, a district court has jurisdiction "over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, No. 10-4494, 2011 WL 1468701, at * 1, 2011 U.S. App. LEXIS 7942, at *2 (3d Cir. Apr. 18, 2011) (quoting 28 U.S.C. §§ 1331, 1332(a))

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "The defendant, as the removing party asserting jurisdiction, bears the burden of showing that the case is properly in federal court." *Rohn & Carpenter, LLC v. Cameron*, Civ. No. 11-45 (AET) 2011 WL 3687626,

at * 2, 2011 U.S. Dist. LEXIS 93766, at *6 (D.V.I. Aug. 19, 2011) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### III. Analysis

#### A. Federal-Question Jurisdiction

In their notice of removal, Ford and Mazda argue that federal-question jurisdiction exists because the complaint states a claim under the Magnusson-Moss Act.

The Magnusson-Moss Act sets forth federal standards for implied and express product warranties. 15 U.S.C. §§ 2302–2308. The Act provides a federal cause of action for breaches of these warranties. 15 U.S.C. § 2310(d). Lewis claims that Ford and Mazda violated the Magnusson-Most Act by breaching an express warranty of the Mazda B3000's safety. *See* 15 U.S.C. § 2304(a) (establishing federal minimum standards for express warranties).

For there to be federal-question jurisdiction over claims brought under the Magnusson-Moss Act, the amount in controversy must be at least $50,000. 15 U.S.C. § 2310(d)(1)(B). To

calculate the amount in controversy in a vehicle warranty dispute, § 2310(d)(1)(B) requires

> the party asserting federal jurisdiction [to] allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle.

*Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003).

Although Ford and Mazda bear the burden of demonstrating that this court has subject-matter jurisdiction, neither party has provided the Court with the necessary information to allow the Court to calculate the amount in controversy. The record is otherwise devoid of information that could assist the Court in making this determination. Therefore, Ford and Mazda have not upheld their burden to demonstrate that federal question jurisdiction exists.

B. **Diversity Jurisdiction**

   **1. Fraudulent Joinder**

In his motion to remand, Lewis argues that removal is inappropriate because he and John's Auto are both citizens of the Virgin Islands. Ford and Mazda argue that John's Auto was fraudulently joined because all of Lewis's claims against John's Auto were settled and dismissed in 2007.

Federal district courts have original jurisdiction over civil actions between citizens of different states, provided the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. The Supreme Court has "interpreted the diversity statute to require 'complete diversity' of citizenship." *C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990). That means "every plaintiff must be of diverse state citizenship from every defendant." *Briscoe,* 448 F.3d at 215.

John's Auto and Lewis are both citizens of the Virgin Islands. Ordinarily, if the plaintiff is a citizen of the same state as even one defendant, there is no diversity of citizenship and hence no subject-matter jurisdiction. *See id.*

However, courts may ignore non-diverse parties under the doctrine of fraudulent joinder. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *Briscoe*, 448 F.3d at 216. "Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quotations and citations omitted).

Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)(quoting *Goldberg v. CPC Int'l Inc.*, 495 F.Supp. 233, 239 (N.D. Cal. 1980)). The Court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111.

The fraudulent joinder inquiry is less searching than that employed for a motion to dismiss under 12(b)(6), "[t]herefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)).

In *Brown v. JEVIC*, 575 F.3d 322 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that joinder was fraudulent when the non-diverse defendant, JEVIC, was sued after it had filed for bankruptcy protection. *Id.* at 327. Because JEVIC's filing for bankruptcy protection automatically stayed all state-court proceedings, Brown could not have brought its suit in state court. *Id.* at 326. Courts have likewise found that joinder is "fraudulent" when the claim would be barred by the state statute of limitations, *Briscoe*, 448 F.3d at 219 (citing *LeBlang Motors, Ltd. V. Subaru of Am., Inc.*, 148 F.2d 680, 690 (7th Cir. 1998)); when the plaintiffs lacked standing to sue the non-diverse defendants, *Kruso v. ITT Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989); or when the claim was barred by the public duty doctrine, *Ludwig v. Learjet, Inc.*, 830 F. Supp. 995, 1000 (E.D. Mich. 1993).

Lewis argues the previous dismissal does not bar the present action because the 1999 Superior Court Complaint was not filed by Lewis, who was a minor at the time, but by his mother. He also asserts that the 2009 Complaint includes new causes of action. Finally, Lewis argues that the joinder cannot be contested because John's Auto answered the 2009 complaint.

Case: 3:08-cv-00048-CVG-RM   Document #: 37   Filed: 09/29/11   Page 11 of 20

*Lewis v. John's Auto Center, Inc., et al.*
Civil No. 2009-99
Memorandum Opinion & Order
Page 11

### i. Res Judicata

Lewis could not bring his action in state court if it were barred by res judicata, or claim preclusion. In the Virgin Islands, res judicata "bind[s] parties to a subsequent action to the outcome of a prior judgment" if three conditions are met:

> (1) the prior judgment was valid, final, and on the merits; (2) the parties in the subsequent action are identical to or in privity with the parties in the prior action; and (3) the claims in the subsequent action arose out of the same transaction or occurrence as the prior claims.

*Smith v. Turnbull*, S. Ct. Civ. No. 2007-0104, 2010 V.I. Supreme LEXIS 34, at *9 (S.Ct.V.I. Sept. 14, 2010) (citing *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.2d 187, 194 (3d Cir. 1999)).

" 'A somewhat modified form of res judicata' applies if a settlement agreement triggers a dismissal and a defendant's consequent discharge." *Toscano v. Conn. Life Ins. Co.*, 288 Fed App'x 36, 39 (3d Cir. 2008) (quoting *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1291 (11th Cir. 2005)). *See also Grimes v. Vitalink Communs. Corp.*, 17 F.3d 1553, 1557 (3d Cir. 1994) (holding that a class action settlement is "not simply a contract entered into by private parties, but is one that has been given a stamp of approval by the court"). "The express terms of a settlement agreement, not merely the terms of the judgment, determine the bounds of preclusion after a settlement." *Id*. *See also Norfolk S. Corp.*, 371 F.3d at 1291

(holding that "to preclude a wider range of matters than those specified in the Agreement would frustrate the parties' expressed intent and bestow upon [the defendant] a windfall of immunity from litigation"). "Judicially approved settlements are considered final judgments on the merits for the purposes of claim preclusion." *Id.* (citing *Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995). "Additionally, the identity of the cause of action refers not only to claims actually litigated, but to those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events." *Id.* (citing *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 961 n.1 (3d Cir. 1991)).[1]

Ford and Mazda argue that the previous settlement with John's Auto precludes Lewis's claims in this case. In determining the preclusive effect of a settlement agreement, the district court must engage in "a close examination of the . . . agreement and the complaint," in order to assess whether "the factual underpinnings, the theory of the action, and the relief sought, are nearly identical to those issues previously resolved." *Id.* at 39. Unfortunately, neither party has submitted

---

[1] In *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960 (3d Cir. 1991), the Third Circuit did not look to the terms of the settlement agreement, but instead applied conventional res judicata principles as if the settlement were an ordinary judgment. *See id.* at 963-64. Modernly, however, Courts of Appeals have moved towards limiting the preclusive effect of settlement agreements to the precise terms of the agreement. *See Norfolk S. Corp.*, 371 F.3d at 1285; *Grimes*, 17 F.3d at 1557.

the settlement agreement to this Court. Without the agreement, the Court cannot determine the scope of the preclusive effect of the prior dismissal.

### ii. Statute of Limitations

Lewis's joinder of John's Auto would be fraudulent if Lewis's claim was barred by the statute of limitations. *See Briscoe*, 448 F.3d at 219 (citing *LeBlang Motors, Ltd. V. Subaru of Am., Inc.*, 148 F.2d 680, 690 (7th Cir. 1998).

In the Virgin Islands, there is a two-year statute of limitations on personal-injury actions. V.I. CODE ANN. tit. 5, § 31(5)(A). There is a six-year statute of limitations for contract actions. V.I. CODE ANN. tit. 5, § 31(5)(A). "It is well-settled that the statute of limitations on a cause of action generally begins to run when the cause of action accrued." *Hypolite v. Marriott Ownership Resorts (St. Thomas), Inc.*, 52 V.I. 175, 180 (V.I. Super. Ct. 2009) (citing *In re Tutu Wells*, 846 F. Supp. 1243, 1255 (D.V.I. 1993)). A cause of action accrues when "the essential facts that give rise to that cause of action" occur. *Id.*

Here, Lewis alleges that he sustained injuries in a car accident that occurred on May 21, 1997, more than twelve years before he initiated the present lawsuit. Thus, the statute of

limitations would ordinarily bar both his personal injury claims and his breach-of-warranty claims.

Pursuant to V.I. CODE ANN. tit. 5, § 36(a), minors may bring otherwise time-barred claims within two years of their twenty-first birthday. Lewis reached the age of majority in 2006, but did not file the complaint in the present case until July, 8, 2009. Because he failed to file this action within two years of his twenty-first birthday, his claims appear to be time-barred.

To the extent that Lewis seeks relief under the equitable tolling doctrine, that effort may be futile. Under Virgin Islands law, the statute of limitations may be equitably tolled for a second action by the filing of a procedurally defective first action if "(1) the first action gave the defendant timely notice of the plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action." *Hypolite*, 52 V.I. at 181 (citing *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 219 (3d Cir. 2002).

Lewis's first action was dismissed voluntarily, after he had reached the age of majority. Lewis does not assert any procedural defect that warranted dismissal in the prior action. Moreover, Lewis has not exercised diligence in filing this

second action against John's Auto. His first action against John's Auto, which alleged nearly identical claims, was dismissed over a year before the initiation of this suit. Accordingly, the equitable tolling exception does not apply and Lewis's claims against John's Auto are time-barred. Thus, under Virgin Islands law, Lewis has no colorable claim against John's Auto.

**2. Diversity of Non-Fraudulently Joined Parties**

To establish diversity jurisdiction, Ford and Mazda must show that, ignoring John's Auto, the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332, *Briscoe*, 448 F.3d at 215.

Ford and Mazda are both corporations. 28 U.S.C. § 1332(c)(1) provides, in pertinent part, that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

Ford and Mazda aver that

> [Mazda] is organized and existing pursuant to the laws of the State of California with its principal place of business at Irvine California and [Ford] is organized and existing pursuant to the laws of the State of Delaware with its principal place of business located at Airborne Michigan.

Def.'s Notice of Removal, ECF No. 1, at 2. Lewis does not argue that Ford and Mazda are citizens of the Virgin Islands.

*Lewis v. John's Auto Center, Inc., et al.*
Civil No. 2009-99
Memorandum Opinion & Order
Page 16

Moreover, the record is devoid of any evidence suggesting that Ford or Mazda engage in any business activity in the Virgin Islands. *See Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 412 (3d Cir. 2003) (holding that corporation's principal place of business was not the Virgin Islands when the corporation had not engaged in any business activity in the Virgin Islands since 1999, did not own any assets, own or rent any property, employ any workers, or maintain an address in the Virgin Islands). Thus, Ford and Mazda have satisfied their burden to demonstrate they are citizens of different states than Lewis.

Section 1332 provides for diversity jurisdiction only "where the amount in controversy exceeds the sum or value of $75,000 . . . ." *Id.* "As a general rule, the jurisdictional amount is determined from the good faith allegations appearing on the face of the complaint." *In re LifeUSA Holding Inc.*, 242 F.3d 136, 143 (3d Cir. 2001) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "A complaint will be deemed to satisfy the required amount in controversy unless the defendant can show to a legal certainty that the plaintiff cannot recover that amount." *Id.*

Here, Lewis has not alleged a specific amount in controversy, instead alleging "General damages to be proven at

trial," "Special damages," "Punitive damages," and "Costs of suit and attorney fees." Pl.'s Compl., ECF No. 1-2, 1-4, at 18. "[P]laintiffs may limit their claims to avoid federal subject matter jurisdiction." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (citing *St. Paul Mercury Indem.*, 303 U.S. at 294). However, a plaintiff may only limit damages in "good faith." *Id*. "Good faith in this context is entwined with the 'legal certainty' test, so that a defendant will be able to remove the case to federal court by 'showing to a legal certainty that the amount in controversy exceeds the minimum.' " *Id.* (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 398 (3d Cir. 2004).

In *Walton v. Bayer Corporation*, 643 F.3d 994 (7th Cir. 2011), Cathy Walton sued Bayer Corporation in state court for injuries allegedly arising from Walton's consumption of some of Bayer's drugs. *Id.* at 997. Bayer removed the action to federal court on the basis of diversity of citizenship. *Id*. Thereafter Walton moved to remand the action back to state court. *Id*. Walton argued that the district court lacked subject matter jurisdiction because the damages she alleged did not exceed $75,000. *Id.* at 998. However, the Court of Appeals for the Seventh Circuit held

> the litany of injuries she claims to have sustained, which include but are not limited to future

> thromboembolic events, which are permanent and lasting in nature, physical pain and mental anguish, diminished enjoyment of life, medical, health, incidental and related expenses, the need for lifelong medical treatment, monitoring and/or medications, and the fear of developing any of the above consequences makes clear that she is seeking damages in excess of $75,000.

*Id.* (internal quotation marks omitted).

Here, Lewis seeks damages on a litany of counts: for negligently caused physical injuries, Pl.'s Compl., ECF Nos. 1-2, 1-4, ¶¶ 22-46; great emotional disturbance, shock and injury to his nervous system, and emotional distress, Pl.'s Compl., ECF Nos. 1-2, 1-4, ¶¶ 47-58; strict product liability for manufacturing defects, design defects, marketing defects, failure to warn, and failure to inspect, Pl.'s Compl., ECF Nos. 1-2, 1-4, ¶¶ 58-126; breach of implied and express warranties, Pl.'s Compl., ECF Nos. 1-2, 1-4, ¶¶ 127-140, 150-172, 206-212; intentional infliction of emotional distress, Pl.'s Compl., ECF Nos. 1-2, 1-4, ¶¶ 141-149; unfair business practices, Pl.'s Compl., ECF Nos. 1-2, 1-4, ¶¶ 173-184; negligent failure to warn, Pl.'s Compl., ECF Nos. 1-2, 1-4, ¶¶ 185-195; false advertisement, Pl.'s Compl., ECF Nos. 1-2, 1-4, ¶¶ 196-200; and violations of the Uniform Deceptive Trade Practices Act, Pl.'s Compl., ECF Nos. 1-2, 1-4, ¶¶ 201-205. This extensive list of bases for relief makes it clear that Lewis seeks damages in excess of $75,000. Moreover, Lewis has neither voluntarily

capped his damages at $75,000 nor shown it is legally impossible for him to recover more than $75,000. Thus, Mazda and Ford's burden to show the amount in controversy exceeds $75,000 is satisfied. Because Mazda and Ford are citizens of different states than Lewis, and the amount in controversy exceeds $75,000, this Court has subject-matter jurisdiction.

### 3. Waiver of Right to Remand

Lewis argues that John's Auto waived any right of Ford and Mazda to remove by filing an answer to the 2009 Complaint in the Superior Court. Although there is no statutory basis for waiver of the right to remove, "district courts have long been empowered to find that a defendant, by certain actions taken in state court, has waived its right of removal, requiring that the case be remanded." *Drexler v. Inland Mgmt. Corp.*, 509 F. Supp. 2d 560, 563 (E.D.Va. 2007) (citing *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991)). To waive the right, a defendant must evince a "clear intent to remain in state court . . . [by] tak[ing] substantial defensive action in an effort to obtain a final determination on the merits of the case in state court." *Id.* An answer or other general appearance alone "generally does not amount to a waiver of the right to remand." *Carpenter v. Ill. Cent. Gulf R. Co.*, 524 F. Supp. 249, 251 (M.D.La. 1981). This is especially true where "[t]here is no

request for affirmative relief, no litigation on the merits, and no prejudice to any of the parties." *Id.*

Although John's Auto did file an answer to Lewis's complaint, the answer is little more than a general denial. The answer requests no affirmative relief, and there was no litigation on the merits. Neither Ford nor Mazda filed anything in state court. Lewis has adduced no evidence to indicate that any prejudice resulted from the filing of this answer.

The premises considered, it is hereby

**ORDERED** that Lewis's motion to **REMAND** is **DENIED.**

S_____
**CURTIS V. GÓMEZ
Chief Judge**